# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **PERCY P. FARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-00271 |
| | ) | REEVES/POPLIN |
| **ERIC FARROW, MARK LUNDY,** | ) | |
| **BRYAN SOMMERS, ROGER BAILEY,** | ) | |
| **and NORTHEAST CORRECTIONAL** | ) | |
| **COMPLEX,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's pro se amended complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 8]. On November 16, 2017, the Court entered an order screening Plaintiff's original complaint, and found that "[w]hile in its present form, his complaint does not state any claim for relief against the named Defendants, it is conceivable that Plaintiff could cure this defect in the complaint if given leave to amend his complaint . . . ." [Doc. 5 p. 8]. The Court then granted Plaintiff leave to file an amended complaint within twenty-one (21) days from the date of entry of the Court's order [*Id.* at 9]. Plaintiff filed an amended complaint on January 4, 2018 [Doc. 8].

Plaintiff's amended complaint must also be screened to determine whether it states a claim entitling Plaintiff to relief, or is frivolous or malicious, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. For the reasons discussed below, Plaintiff's complaint will be **DISMISSED** *sua sponte*.

**I.      BACKGROUND**

In his amended complaint, Plaintiff brings suit against Defendants Farrow, Lundy, Sommers, Bailey, and the Northeast Correctional Complex ("NECX") [Doc. 8 p. 3]. Plaintiff alleges that during his transfer from the NECX County Annex to the NECX Main Annex, Defendant Farrow "willing[ly], unlawfully, and knowingly opened [Plaintiff's] mail," when Defendant Farrow opened a "sealed outgoing envelope" [Doc. 8 p. 4]. Plaintiff claims that this search of his mail was against Tennessee Department of Correction policy [*Id.*]. Plaintiff alleges that Defendant Sommers "agreed with" Defendant Farrow in the unlawful opening of Plaintiff's "outgoing mail by preparing the write-up" [*Id.*]. Plaintiff additionally claims that Defendants Bailey and Lundy are responsible for their role in the grievance process and a disciplinary report related to Plaintiff's possession of a cellular telephone [*Id.*]. Plaintiff requests "[t]o have all officers involved relieved of their duties," as well as seeks monetary damages [*Id.* at 5].

**II.     ANALYSIS**

   **A.      Screening Standard**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v.*

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

### B. § 1983 Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, a plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

### C. Improper Defendant

At the outset, Plaintiff has brought suit against the NECX, a non-suable entity [Doc. 8 p. 3]. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he or she was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). NECX is a correctional facility and, as such, is not a suable entity under § 1983.

*See Anderson v. Morgan Cty. Corr. Complex*, No. 15–6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 68, 65–71) ("A state prison is not a 'person' subject to suit under § 1983."); *see, e.g.*, *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 25647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."); *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (finding that a state prison facility is an institution operated by a state corrections department and "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983"). Thus, the Northeast Correctional Complex will be **DISMISSED** as a Defendant in this action.

**D.  Search of Plaintiff's Mail**

Plaintiff alleges that upon his transfer to NECX, Defendant Farrow unlawfully opened a sealed and properly stamped envelope addressed to Plaintiff's sister [Doc. 8 p. 3]; *see also* [Doc. 1]. Prisoners maintain a First Amendment right to send and receive mail. *See Procunier v. Martinez,* 416 U.S. 396, 408–409 (1974), *overruled in part on other grounds by Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989); *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119 (1977). An inmate's exercise of constitutional rights is necessarily limited, however, "both from the fact of incarceration and from valid penological objectives—including deterrence of crime, rehabilitation of prisoners, and institutional security." *Pell v. Procunier,* 417 U.S. 817, 822–23 (1974)

However, Plaintiff's allegations that his mail was searched on one occasion, in violation of TDOC policy, are insufficient to state a claim for a violation of his constitutional rights. *Johnson v. Wilkinson*, 229 F.3d 1152 (Table), 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000) (holding that one isolated incident of interference with mail did not violate plaintiff's constitutional rights)

4

(citing *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)); *see, e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson* for the holding that "isolated incidents" of interference with prisoners' rights do not rise to the level of a First Amendment violation); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation.").

Further, searches of prisoners, including strip searches, have been upheld upon a prisoner's transfer into a new prison. *See Jackson v. Herrington*, 393 F. App'x 348, 355 (6th Cir. 2010). Lastly, merely Defendant Farrow's alleged failure to comply with a prison administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley,* 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland,* 954 F.2d 343, 347–48 (6th Cir. 1992). Accordingly, Plaintiff's claims relating to the alleged improper search of a letter upon his transfer to NECX fail to state a claim for relief under § 1983 and Plaintiff's case will be **DISMISSED** as to all defendants.

### III. CONCLUSION

Based on the above, Defendant Northeast Correctional Complex will be **DISMISSED**. Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity as to any defendant, and therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Therefore, Plaintiff's complaint and the present action will be **DISMISSED** *sua sponte* for failure to state a viable claim for relief under 42 U.S.C. § 1983.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**